UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON L. REID,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. ALLISON, et al.,<br><br>　　　　　Defendants. | Case No.: 1:22-cv-01437-JLT-CDB (PC)<br><br>**ORDER DENYING RECONSIDERATION OF THE COURT'S ORDER ISSUED FEBRUARY 21, 2023** |

**BACKGROUND**

On January 27, 2023, the assigned magistrate judge issued findings and recommendations, recommending that Plaintiff's motion for a preliminary injunction and temporary restraining order be denied. (Doc. 9.) Plaintiff was advised any objections were to be filed within 14 days of the service of the findings. (*Id*. at 11.) No objections were filed.

On February 21, 2023, the Court issued its Order Adopting the Findings and Recommendations in Full and Denying Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order. (Doc. 10.)

On February 24, 2023, Plaintiff filed "Objections to Magistrates Judge's Findings and Recommendations." (Doc. 11.) The document is signed and dated February 17, 2023. (*Id*. at 4.)

//

//

**DISCUSSION**

Plaintiff's Objections are untimely. Any objections to the findings and recommendations were to be filed within 14 days of the date of service of those findings, or no later than February 10, 2023. (*See* Doc. 9 at 11.) The Objections were signed and dated February 17, 2023, seven days after the deadline had passed. The Court notes Plaintiff did not seek an extension of time within which to file his objections beyond the original deadline, nor does Plaintiff offer any explanation for his delay. Nevertheless, the Court will construe Plaintiff's Objections to be a motion for reconsideration and consider them accordingly.

### *The Applicable Legal Standards*

Pursuant to Rule 60(b), the Court may relieve a party from a final judgement or order "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks & citations omitted). Further, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision. *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks & citation omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

### *Analysis of Plaintiff's Arguments*

Here, Plaintiff does not provide justification for relief from the Court's February 21, 2023,

2

Order, denying his motion for a preliminary injunction and temporary restraining order. Essentially, Plaintiff states his disagreement with the magistrate judge's findings that Plaintiff is not entitled to injunctive relief. Regarding the magistrate judge's finding of a lack of personal jurisdiction, Plaintiff asserts the magistrate judge stated "Petitioner failed to serve the named defendants in the complaint CDCR Secretary Cathline Allison and SATF Warden Theresa Cisneros. This failure is in 'part' on Petitioner and Petitioner will take action to do so."[1] (Doc. 11 at 1.) Next, Petitioner argues he is likely to succeed on the merits of his claim because the "institution has employed deceptive tactics to separate Plaintiff(s) from their fund and then their 'property,'" that CDCR is in breach of its contract, and that "[t]here is and has been a 'total' deprivation of property" (*Id.*) These same arguments were asserted in Plaintiff's motion for preliminary injunction and temporary restraining order. (*See* Doc. 2 at 3-7.) Plaintiff contends he can show irreparable harm because "CDCR staff, particularly C/SATF staff can not account for the property confiscated so the deprivation is 'complete' and in violation of state and constitutional law." (Doc. 11 at 4.) Again, these assertions were previously considered because they mirror arguments Plaintiff made in his motion for injunctive relief. (*See* Doc. 2 at 3-7.)

Furthermore, the affidavits of Marcus Rodriguez, Miguel Guardado and Rafael Padilla, attached in support of Plaintiff's most recent filing (Doc. 11 at 3, 19-22), do not amount to newly discovered evidence that would necessitate or warrant reconsideration of the Court's February 21, 2023 order. The affidavits simply recount facts like those offered by Plaintiff previously.

Plaintiff's objections do not establish any mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Nor has Plaintiff presented this Court with any newly discovered evidence that would necessitate or warrant reconsideration. Fed. R. Civ. P. 60(b)(2). As noted above, the Court has already considered Plaintiff's allegations of fraud or "deceptive tactics." Fed. R. Civ. P. 60(b)(3). And, because reconsideration here does not concern a judgment,

---

[1] The magistrate judge made no finding that Plaintiff had "failed" to serve defendants. Rather, the Findings and Recommendations state that "no defendant has been served in this action, nor has any defendant filed an appearance. Thus, this Court does not have personal jurisdiction over the named defendants and may not act at this time." (Doc. 9 at 5.) Service of Plaintiff's complaint will occur only after the Court has screened Plaintiff's complaint and determined it presents a cognizable claim or claims. *See* 19 U.S.C. 1915A. This Court is one of the busiest district courts in the nation. Screening will occur as expeditiously as possible given the Court's heavy prisoner civil rights caseload.

but rather an order, neither (b)(4) nor (b)(5) of Rule 60 apply. Lastly, the Court does not find any circumstance that would justify relief from the order for any other reason. Fed. R. Civ. P. 60(b)(6).

At bottom, Plaintiff's objections, construed as a motion for reconsideration, offer no facts or law of a convincing nature that would compel the Court to reverse its prior decision. Rather, Plaintiff reasserts the same unpersuasive arguments he made previously. Plaintiff's objections do not alter the Court's evaluation of the record or the January 27, 2023, findings by the assigned magistrate judge, adopted in full by the undersigned on February 21, 2023.

**ORDER**

Plaintiff's objections filed February 24, 2023 (Doc. 11), construed as a motion for reconsideration of the order denying injunctive relief, are DENIED.

IT IS SO ORDERED.

Dated:   **February 28, 2023**

UNITED STATES DISTRICT JUDGE

4