1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   CARLTON L. REID,                          Case No.: 1:22-cv-1437 JLT CDB (PC)

12                     Plaintiff,              ORDER ADOPTING FINDINGS AND
                                               RECOMMENDATIONS TO DISMISS THIS
13          v.                                 ACTION FOR PLAINTIFF'S FAILURE TO
                                               OBEY COURT ORDERS AND TO
14   C. ALLISON, et al.,                       PROSECUTE

15                     Defendants.             (Doc. 14)

16

17          Carlton L. Reid seeks to hold the defendants liable for civil rights violations pursuant to

18   42 U.S.C. § 1983.  The assigned magistrate judge screened the allegations in the complaint and

19   found Plaintiff failed to state a cognizable claim.  (Doc. 13 at 4-9.)  The magistrate judge directed

20   Plaintiff to file an amended complaint or a notice of voluntary dismissal within 30 days.  (*Id.* at

21   9.)  In addition, the Court informed Plaintiff that if he failed to comply with the order, the

22   magistrate judge would recommend the action be dismissed for failure to prosecute and failure to

23   obey the Court's order.  (*Id.* at 10.)  Despite this warning, Plaintiff failed to respond to the Court's

24   order.  Then, the magistrate judge recommended this action be dismissed for Plaintiff's failure to

25   obey court orders and failure to prosecute.  (Doc. 14.)  The Court served the Findings and

26   Recommendations at the only address on record for Plaintiff, but U.S. Postal Service returned the

27   document to the Court as "Undeliverable, Unclaimed" on June 8, 2023.

28          The Court's Local Rules require a plaintiff to keep the Court apprised of his current

peninfo

address. Specifically, the Rules state: "If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." *See* Local Rule 183(b).  Because the Findings and Recommendations were returned to the Court on May 30, 2023, any notice of change of address was due no later than August 1, 2023.  Thus, Plaintiff has also failed to comply with the Court's Local Rules, and dismissal is also appropriate on these grounds.  *See e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply with local rules); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and failure to comply with local rules).

According to 28 U.S.C. § 636(b)(1)(C), this Court conducted a de novo review of this case.  Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendations to be supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on May 30, 2023 (Doc. 14) are **ADOPTED** in full.

2. This action is **DISMISSED** without prejudice.

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **August 20, 2023**

UNITED STATES DISTRICT JUDGE