**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLTON L. REID,<br><br>        Plaintiff,<br><br>    v.<br><br>C. ALLISON, et al.,<br><br>        Defendants. | Case No.: 1:22-cv-1437 JLT CDB (PC)<br><br>ORDER GRANTING RECONSIDERATION AND DIRECTING THE CLERK OF COURT TO RE-OPEN THE CASE<br><br>(Doc. 17) |

      Plaintiff initiated this action, seeking to hold the defendants liable for civil rights violations pursuant to 42 U.S.C. § 1983. The action was closed after Plaintiff failed to file an amended complaint. (Doc. 15.) Plaintiff now seeks relief under Rule 60(B) of the Federal Rules of Civil Procedure, requesting that the Court set aside the judgment entered and reopen the action. (Doc. 17.) For the reasons set forth below, the motion is **GRANTED**.

**I.    Background**

      The magistrate judge issued a First Screening Order, finding Plaintiff had failed to state a claim upon which relief could be granted. (Doc. 13 at 4-9.) The magistrate judge directed Plaintiff to file an amended complaint or a notice of voluntary dismissal within 30 days. (*Id.* at 9.)

      When Plaintiff failed to take any action, the magistrate judge recommended the action be dismissed for Plaintiff's failure to obey court orders and to prosecute this action. (Doc. 14.) Plaintiff was informed any objections were to be filed within 14 days of the service of the

findings. (*Id*. at 4.) Plaintiff did not file objections. The Court adopted the recommendations, and action was dismissed without prejudice. (Doc. 15 at 2.) The Court entered judgment and closed the case on August 21, 2023. (Doc. 16.)

On September 18, 2023, Plaintiff filed a document titled "Response to Order Adopting Findings and Recommendations to Dismiss and Motion to Reopen and Reconsider Under Fed. R. Civ. P. 60(b)(1)." (Doc. 17.)

**II.     Discussion**

Plaintiff contends relief should be granted because he never received the Court's Findings and Recommendations. (Doc. 17.) Plaintiff reports he was placed in administrative segregation at the Substance Abuse Treatment Facility ("SATF") in Corcoran on June 1, 2023. (*Id*. at 1-2.) On August 28, 2023, he "received notice of the judgment of the court and the reasons why." (*Id*. at 2.) Plaintiff asserts he has not had a change of address, has no control over the mail, and was "not served by employees of the defendants, who are responsible for doing so." (*Id*.) He contends his failure to respond "was 'excusable neglect' within the meaning of Rule 60(b)(1)." (*Id*.) Plaintiff asserts he "has never failed to respond to 'any' order or judgment that required such in both filing credible claims and respect for the court." (*Id*.) Plaintiff asks this Court to re-serve the magistrate judge's findings and to allow him the "opportunity to comply with any order contained therein." (*Id*.) He asserts there was no undue delay in bringing the instant motion and that defendants will not be unduly prejudiced should the judgment be set aside. (*Id*.)

**A.     Legal Standards**

Pursuant to Rule 60(b), the Court may relieve a party from a final judgement or order "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence …; (3) fraud …, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; … or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). A motion for reconsideration on any of these grounds must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged. *See* Fed. R. Civ. P. 60(c)(1).

///

### B. Analysis

As an initial matter, the Court notes Plaintiff does not address the First Screening Order, which directed Plaintiff to file an amended complaint or a notice of voluntary dismissal within 21 days. Nevertheless, the Court will liberally construe the motion to infer Plaintiff also did not receive the screening order. Because Plaintiff asserts that he did not receive the Findings and Recommendations, he would have no knowledge of the recommendation for dismissal for his failure to file a first amended complaint.

Plaintiff has remained housed at SATF since filing his complaint. However, Plaintiff reports a change to his housing *within* SATF, as he was removed from general population and placed in administrative segregation. As a result, he contends he did not receive the magistrate judge's findings and recommendations, and only received the order dismissing this action.

The Court accepts Plaintiff's assertion that he did not receive the Findings and Recommendations issued May 30, 2023, because of his relocation to administrative segregation. The Court also acknowledges that Plaintiff has no direct control over the delivery of his legal mail during his incarceration. Furthermore, the Court agrees there is no undue prejudice to defendants should the instant motion be granted, because no defendant has been served in this action. Finally, Plaintiff did not delay seeking reconsideration following receipt of the dismissal and judgment on August 28, 2023.

However, the Court notes that Plaintiff contends he "has never failed to respond to 'any' order" of the Court. Plaintiff is advised this statement is not accurate, because Plaintiff submitted untimely objections to earlier findings concerning his request for a temporary restraining order. (*See* Doc. 12.) Thus, the Court takes this opportunity to impress upon Plaintiff the importance of meeting court-ordered deadlines.

### III. Conclusion and Order

The Court finds Plaintiff established excusable neglect as contemplated in Rule 60(b)(1) concerning his failure to respond to the Findings and Recommendations. The Court will set aside the judgment, re-open the action, and direct Plaintiff to file an amended complaint within 30 days of the date of this order.

3

For the set forth above, the Court **ORDERS**:

1. Plaintiff's motion for reconsideration filed September 18, 2023 (Doc. 17) is **GRANTED**.
2. The judgment entered August 21, 2023 (Doc. 16) is set aside, and the action is re-opened.
3. Plaintiff **SHALL** file a first amended complaint, as addressed in the First Screening Order, **within 30 days** of the date of service of this order.
4. The Clerk of the Court is **DIRECTED** to serve a copy of the First Screening Order (Doc. 13) with this order.
5. <u>Plaintiff is advised that failure to file an amended complaint as ordered will result in dismissal of the action for failure to prosecute and failure to comply with the Court's order.</u>

IT IS SO ORDERED.

Dated:   **October 16, 2023**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

4