UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON L. REID,<br><br>          Plaintiff,<br><br>   v.<br><br>C. ALLISON, et al.,<br><br>          Defendants. | Case No.: 1:22-cv-01437-JLT-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION FOR A FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Carlton L. Reid is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed his first amended complaint on December 20, 2023. (Doc. 21.)

## I.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

//

1

**II.      PLEADING REQUIREMENTS**

2

**A.  Federal Rule of Civil Procedure 8(a)**

3      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

4  exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain

5  "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R.

6  Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the

7  plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal

8  quotation marks & citation omitted).

9      Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

10  cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556

11  U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must

12  set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

13  *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal

14  conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

15      The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of

16  any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the

17  liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal

18  theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation

19  of a civil rights complaint may not supply essential elements of the claim that were not initially

20  pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal

21  quotation marks & citation omitted), and courts "are not required to indulge unwarranted

22  inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation

23  marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not

24  sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's

25  liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

26

**B.  Linkage and Causation**

27      Section 1983 provides a cause of action for the violation of constitutional or other federal

28  rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under

2

1  section 1983, a plaintiff must show a causal connection or link between the actions of the

2  defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*,

3  423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the

4  deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative

5  act, participates in another's affirmative acts, or omits to perform an act which he is legal required

6  to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740,

7  743 (9th Cir. 1978) (citation omitted).

8  **C.  Supervisory Liability**

9  Liability may not be imposed on supervisory personnel for the actions or omissions of

10  their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676-77; *see e.g.,*

11  *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010) (plaintiff required to

12  adduce evidence the named supervisory defendants "themselves acted or failed to act

13  unconstitutionally, not merely that subordinate did"), *overruled on other grounds by Castro v.*

14  *C'nty of Los Angeles,* 833 F.3d 1060, 1070 (9th Cir. 2016); *Jones v. Williams,* 297 F.3d 930, 934

15  (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section

16  1983 there must be a showing of personal participation in the alleged rights deprivation: there is

17  no respondeat superior liability under section 1983").

18  Supervisors may be held liable only if they "participated in or directed the violations, or

19  knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th

20  Cir. 1989). "The requisite causal connection may be established when an official sets in motion a

21  'series of acts by others which the actor knows or reasonably should know would cause others to

22  inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).  Accord

23  *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011) (supervisory liability may be based on

24  inaction in the training and supervision of subordinates).

25  Supervisory liability may also exist without any personal participation if the official

26  implemented "a policy so deficient that the policy itself is a repudiation of the constitutional

27  rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942

28  F.2d 1435, 1446 (9th Cir. 1991) (citations & quotations marks omitted), *abrogated on other*

1    *grounds by Farmer v. Brennan*, 511 U.S. 825 (1970).

2        To prove liability for an action or policy, the plaintiff "must ... demonstrate that his

3    deprivation resulted from an official policy or custom established by a ... policymaker possessed

4    with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d

5    707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between

6    such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v.*

7    *Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the

8    involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v.*

9    *Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

10                    **D.  Eleventh Amendment Immunity**

11        "The Eleventh Amendment bars suits for money damages in federal court against a state,

12    its agencies, and state officials in their official capacities." *Aholelei v. Dept. of Public Safety*, 488

13    F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not

14    bar suits for money damages against state officials in their personal capacities. *Hafer v. Melo*, 502

15    U.S. 21, 30 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003). When a plaintiff seeks

16    money damages against a state official and the complaint is silent as to capacity, a personal

17    capacity suit is presumed given the bar against an official capacity suit for money damages.

18    *Shoshone-Bannock Tribes v. Fish & Game Comm'n*, *Idaho*, 42 F.3d 1278, 1284 (9th Cir. 1994).

19        In his first amended complaint, Plaintiff indicates he sues Defendant Allison in her official

20    capacity. (*See* Doc. 21 at 1.) However, the first amended complaint is silent as to the capacity in

21    which Plaintiff seeks to sue Defendant Cisneros. Hence, the Court presumes Plaintiff brings suit

22    against Defendant Cisneros in her personal or individual capacity. *Shoshone-Bannock Tribes*, 42

23    F.3d at 1284.

24        Because Plaintiff has only named Defendant Allison in her official capacity, yet seeks

25    money damages, his claim against Allison necessarily fails. The Court will address Plaintiff's

26    claim as it relates to the remaining named individual, Defendant Cisneros.

27    //

28    //

4

1          **III.     DISCUSSION**

2                 **A.  Plaintiff's First Amended Complaint**

3          Plaintiff names Cathline Allison, Secretary of the California Department of Corrections

4    and Rehabilitation (CDCR) and Theresa Cisneros, Warden at the California Substance Abuse

5    Treatment Facility (SATF) as Defendants. (Doc. 21 at 1-3.) The amended complaint consists of a

6    five-page form complaint, nine additional typed pages, and several exhibits totaling

7    approximately thirty-eight pages. (*Id.* at 1-52.) In remedy, Plaintiff seeks the return of his JPay 6

8    tablet and the ability to send his JPay 5 tablet home. (*Id*. at 5.) Plaintiff also seeks $1,000 "in

9    punitive damages and court cost and an order to maintain [his] tablet until it no longer function."

10   (*Id*.) If his property cannot be returned, Plaintiff seeks $10,000 "damages both compensatory and

11   punitive and court cost." (*Id*.)

12                 **B.    Plaintiff's Claim**

13         In his first amended complaint, Plaintiff asserts his due process rights under the

14   Fourteenth Amendments have been violated. Briefly stated, he contends the confiscation of his

15   JPay tablets amounted to a constitutional violation and occurred against state regulations. (Doc.

16   21 at 3-13.) For the reasons discussed below, the Court will recommend dismissal of this action

17   for Plaintiff's failure to state a claim upon which relief can be granted.

18                 **B.  Analysis of Plaintiff's Claim**

19                     *Applicable Legal Standards*

20         The Due Process Clause of the Fourteenth Amendment contains both a procedural and

21   substantive component. *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997). "Procedural due

22   process imposes constraints on governmental decisions which deprive individuals of 'liberty' or

23   'property interests' within the meaning of the Due Process clause." *Mathews v. Eldridge*, 424

24   U.S. 319, 332 (1976). The Supreme Court has said that "we have regularly observed that the Due

25   Process Clause specially protects those fundamental rights and liberties which are, objectively,

26   'deeply rooted in this Nation's history and tradition.'" *Glucksberg*, 521 U.S. at 720–21 (quoting

27   *Moore v. East Cleveland*, 431 U.S. 494, 503 (1977)). "[T]he Fourteenth Amendment forbids the

28   government to infringe ... fundamental liberty interests at all, no matter what process is provided,

1    unless the infringement is narrowly tailored to serve a compelling state interest." *Id*. (internal

2    quotations and citation omitted).

3           The Due Process Clause protects prisoners from being deprived of property without due

4    process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Additionally, prisoners have a

5    protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).

6    However, while an authorized, intentional deprivation of property is actionable under the Due

7    Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v.

8    Zimmerman Brush Co*., 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir.

9    1985), neither negligent nor unauthorized intentional deprivations of property by a state employee

10   "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth

11   Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson* 468 U.S.

12   at 533. The Due Process Clause is violated only when the agency "prescribes and enforces

13   forfeitures of property without underlying statutory authority and competent procedural

14   protections." *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing

15   *Vance v. Barrett*, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).

16          An authorized deprivation is one carried out pursuant to established state procedures,

17   regulations, or statutes. *Logan*, 455 U.S. at 436; *Knudson v. City of Ellensburg*, 832 F.2d 1142,

18   1149 (9th Cir. 1987). Authorized deprivations are permissible if carried out pursuant to a

19   regulation that is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S.

20   78, 89 (1987). "An unauthorized intentional deprivation of property by a state employee does not

21   constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth

22   Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson*, 468 U.S.

23   at 533.

24                                          *Analysis*

25          Here, assuming the taking of Plaintiff's JPay tablets were authorized and intentional, due

26   process concerns are implicated. Ordinarily, due process requires notice and some kind of hearing

27   prior to the deprivation of a property interest. But the Ninth Circuit has specifically rejected the

28   idea that the Due Process Clause requires prior notice before enacting and enforcing laws of

6

general applicability. "[G]overnmental decisions which affect large areas and are not directed at

one or a few individuals do not give rise to the constitutional due process requirements of

individual notice and hearing; general notice as provided is sufficient." *Rhoden v. Dep't of State*

*Hosps.*, No. 1:18-cv-00101-NONE-SAB (PC), 2020 WL 5737019, at *12 (E.D. Cal. Mar. 20,

2020) (quoting *Halverson v. Skagit County*, 42 F.3d at 1260 (9th Cir. 1995)), F&R adopted, 2020

WL 4048489. Further, to state a procedural due process claim, a plaintiff must establish "a

legitimate claim of entitlement" to the relief sought. *Ky. Dep't of Corr. v. Thompson*, 490 U.S.

454, 460, 463 (1989). Generally, "a benefit is not a protected entitlement if government officials

may grant or deny it in their discretion." *Clukey v. Town of Camden*, 717 F.3d 52, 56 (1st Cir.

2013).

Here, the challenged provisions of Title 15 are those of general applicability to inmates

that do not target individuals. To the extent Plaintiff claims he was unaware of a June 2022

memorandum concerning the JPay tablets and the fact they would be replaced by another tablet,

Plaintiff was not entitled to individualized or advance notice, or a hearing, and his claim fails as a

matter of law. *Rhoden* 2020 WL 5737019, at *12.

Prisoners generally have a protected interest in their personal property. *Hansen v. May*,

502 F.2d 728, 730 (9th Cir. 1974). However, California law provides for regulation of allowable

personal property of prison inmates. Cal. Code Regs. tit. 15 § 3190. "'[T]here is a difference

between the right to own property and the right to possess property while in prison.'" *Velasquez*

*v. Ahlin*, No. 1:18-cv-00053-LJO-SAB (PC), 2018 WL 1959541, at *8 (E.D. Cal. Apr. 25, 2018)

(quoting *Searcy v. Simmons*, 299 F.3d 1200, 1229 (10th Cir. 2022)). State regulations give rise to

a liberty interest protected by the Due Process Clause of the federal constitution only if those

regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on

the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472,

484 (1995).

Judges within this district consistently have found a plaintiff does not have a liberty or

protected property interest in possessing a tablet in prison. *See Nieves v. Allison*, No. 1:22-cv-

01020-ADA-CDB (PC), 2023 WL 5956981, at *5 (E.D. Cal. Sept. 13, 2023) ("Plaintiff does not

1  have a protected property interest in possessing her JPay tablet and accessories while

2  incarcerated"); *Gosztyla v. Allison*, No 1:22-cv-00763-JLT-HBK (PC), 2023 WL 5353714, at *3

3  (E.D. Cal. Aug. 21, 2023) (same), F&R adopted at 2023 WL 5806982; *Hearns v. Cisnero*, No.

4  1:22-cv-1033-JLT-CDB (PC), 2023 WL 5353665, at *7 (E.D. Cal. Aug. 18, 2023) (same), F&R

5  adopted at 2023 WL 6446215, *appeal filed* (Oct. 17, 2023); *Atencio v. Allison*, No. 1:21-cv-

6  00191, 2021 WL 2982917-NONE-BAM (PC), at *4 (E.D. Cal. July 15, 2021) ("Plaintiff cannot

7  allege a fundamental right in possession of a particular type of electronic device"), F&R adopted

8  at 2021 WL 4803970. Therefore, Plaintiff does not have a protected interest in possessing his

9  JPay tablets while incarcerated at SATF.

10       To the extent that Plaintiff alleges that prison rules were improperly implemented against

11  him, prison officials' violation of their own policies does not in itself raise a federally cognizable

12  claim. *See Peralta v. Dillard*, 744 F.3d 1076, 1087 (9th Cir. 2014) (failure to follow procedures is

13  not, of itself, enough to establish a violation of plaintiff's constitutional rights); *see, e.g.*, *Langford*

14  *v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (a prisoner may not "transform a state-law issue into

15  a federal one merely by asserting a violation of due process.").

16       Notably too, even aside from the above and as stated in the Court's First Screening Order,

17  Plaintiff fails to link the actions of Defendant Cisneros to his claim. Plaintiff's references to

18  "CDCR" or "C/SATF" do not suffice. *Rizzo*, 423 U.S. at 373-75 (a plaintiff must show a causal

19  connection or link between the actions of the defendants and the deprivation alleged to have been

20  suffered by the plaintiff). In Plaintiff's factual recitation, there are no facts referencing any action

21  or inaction by Defendant Cisneros. (Doc. 21 at 3-4, 6-13.) Hence, despite the above, Plaintiff has

22  failed to allege Cisneros' participation in or direction of the violations, or knowledge of the

23  violations and a failure to act to prevent them. *Taylor,* 880 F.2d at 1045. Nor has Plaintiff

24  demonstrated that his alleged deprivation resulted from an official policy or custom of the

25  warden. *Waggy*, 594 F.3d at 713; *Fayle*, 607 F.2d at 862 (when a defendant holds a supervisory

26  position, the causal link between such defendant and the claimed constitutional violation must be

27  specifically alleged); *Ivey*, 673 F.2d at 268 (vague and conclusory allegations concerning the

28  involvement of supervisory personnel in civil rights violations are not sufficient).

1    Finally, to the extent Plaintiff's first amended complaint can be construed to argue the

2    confiscation of his JPay tablets amounted to an unauthorized or negligent deprivation of his

3    property, that claim fails also. Contrary to Plaintiff's conclusory assertion otherwise, the Ninth

4    Circuit has found California law provides an adequate post-deprivation remedy for Plaintiff's

5    loss, and he therefore may not pursue a due process claim arising out of the unlawful confiscation

6    of his personal property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal.

7    Gov't Code §§810-895).

8                          *Amendment Would Be Futile*

9    As discussed herein, the Court finds Plaintiff's first amended complaint fails to state

10   cognizable claim under 42 U.S.C. § 1983. "A district court may deny leave to amend when

11   amendment would be futile." *Hartmann v. Cal. Dept. of Corrections and Rehabilitation*, 707 F.3d

12   1114, 1130 (9th Cir. 2013); accord *Lopez v. Smith,* 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts

13   are not required to grant leave to amend if a complaint lacks merit entirely"). Because Plaintiff's

14   first amended complaint is deficient for the same reasons as those articulated in the Court's

15   original screening order (Doc. 13 at 7-8) and because Plaintiff has failed to remedy those

16   deficiencies, the Court assesses that Plaintiff cannot cure his pleadings and, thus, that leave to

17   amend would be futile. *See Hartman*, 707 F.3d at 1129-30 (affirming dismissal of first amended

18   complaint and finding leave to amend futile where complaint's allegations belied plaintiff's

19   entitlement to relief).

20   **IV.    CONCLUSION AND RECOMMENDATIONS**

21   Based on the above, **IT IS HEREBY RECOMMENDED** that this action be dismissed,

22   without leave to amend, based on Plaintiff's failure to state a claim upon which relief can be

23   granted.

24   These Findings and Recommendations will be submitted to the district judge assigned to

25   this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these

26   Findings and Recommendations, a party may file written objections with the Court. The

27   document should be captioned, "Objections to Magistrate Judge's Findings and

28   Recommendations." Failure to file objections within the specified time may result in waiver of

1   rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v.*

2   *Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

3   IT IS SO ORDERED.

4       Dated:   **January 11, 2024**

5                                    UNITED STATES MAGISTRATE JUDGE