**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLTON L. REID,<br><br>          Plaintiff,<br><br>     v.<br><br>C. ALLISON, et al.,<br><br>          Defendants. | Case No.: 1:22-cv-01437 JLT CDB (PC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, DISMISSING THIS ACTION FOR A FAILURE TO STATE A CLAIM, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 22) |

Carlton L. Reid seeks to hold the defendants—including Kathleen Allison[1], Secretary of the California Department of Corrections and Rehabilitation; and Theresa Cisneros, Warden of C/SATF— liable for civil rights violations pursuant to 42 U.S.C. § 1983. Plaintiff contends the defendants violated his civil rights by taking his JPay tablet after the CDCR ended the pilot JPay program. (*See generally* Doc. 21.) Plaintiff seeks the return of his JPay tablets and $1,000.00 in damages. (*Id.* at 5.) In the alternative, if Plaintiff's JPay tablets cannot be returned, Plaintiff requests compensatory damages and punitive damages. (*Id.*)

The assigned magistrate judge screened Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 191A(a). (Doc. 22.) The magistrate judge found Plaintiff's claim against Allison "necessarily fails" under the Eleventh Amendment, because Plaintiff "only named Allison in her official capacity, yet seeks monetary damages." (*Id.* at 4.) The magistrate judge then turned to

---

[1] The Court has corrected the spelling of Ms. Allison's name.

1    the claims as stated against Cisneros and found Plaintiff failed to allege facts supporting a claim
2    for a violation of his civil rights.  (*Id.* at 5-9.)  Because Plaintiff was previously granted leave to
3    amend and failed to cure the pleading deficiencies, the magistrate judge determined further leave
4    to amend would be futile.  (*Id.* at 9.)  Therefore, the magistrate judge recommended the First
5    Amended Complaint be dismissed without leave to amend.  (*Id.*)

6    Plaintiff filed objections to the Findings and Recommendations, arguing the magistrate
7    judge erred in finding he did not state a claim for a violation of the Fourteenth Amendment,
8    because he had a property interest in the JPay tablets.  (Doc. 23 at 2-3.)  Plaintiff also contends
9    that "it is clear that CDCR is in violation of the administrative regulations set in place under CCR
10   Title 15, 3191(c) and the Department Operations Manual (sic) … 12010.7(d).  (*Id.* at 2.)

11   As an initial matter, the Court notes that Plaintiff did not challenge the magistrate judge's
12   findings that he is unable to state a claim against Allison, because he sought monetary damages.
13   (*See generally* Doc. 23.)  However, the magistrate judge failed to acknowledge that Plaintiff also
14   seeks non-monetary relief with the request for return of his tablets.  (*See* Doc. 21 at 5.)  Plaintiff's
15   claim for non-monetary damages is not barred by the Eleventh Amendment.  *See Will v. Mich.*
16   *Dep't. of State Police,* 491 U.S. 58, 71, n.10 (1989); *see also Chambers v. Dela Cruz*, 2020 WL
17   3971606, at *6 (D. Nev. July 14, 2020) (denying a motion to dismiss claims against individuals in
18   their official capacities where the plaintiff requested "injunctive relief with respect to return of his
19   property.")  Thus, to the extent that the magistrate judge found Plaintiff's claim against Allison
20   was barred in its entirety by the Eleventh Amendment because he sought monetary damages, the
21   Court declines to adopt the finding.

22   Nevertheless, Plaintiff fails to allege facts sufficient to support his claims.  Violations of
23   the identified California regulations and the Department Operations Manual are insufficient to
24   establish a claim under Section 1983.  *See, e.g., Herrera v. Cal. State Superior Courts*, 2018 WL
25   400320, at *4 (E.D. Cal. Jan. 11, 2018) ("The violation of state regulations, rules and policies of
26   the CDCR, or other state law is not sufficient to state a claim for relief under § 1983."); *Gray v.*
27   *Lewis*, 2017 WL 2311684, at *5 (E.D. Cal. May 26, 2017) (explaining there is not "a
28   constitutional right for defendants to follow the Department Operations Manual," and violations

of state regulations and prison policies "cannot form the basis of a viable section 1983 claim")

Finally, as the magistrate judge determined, Plaintiff does not have a constitutional right to possess a JPay tablet. *See, e.g., Atencio v. Allison*, 2021 WL 2982917, at *4 (E.D. Cal. July 15, 2021) ("Plaintiff cannot allege a fundamental right to a particular type of electronic device") *adopted by* 2021 WL 4803970 (E.D. Cal. Oct. 14, 2021); *Cerniglia v. Price*, 2017 WL 4865452, at *2-4 (E.D. Cal. Oct. 27, 2021) ("No Court has found that prisoners have a constitutional right to possess personal computers or items that are similar to personal computers..."). Consequently, Plaintiff fails to allege facts sufficient to support a conclusion that he suffered a violation of his constitutional rights. According to 28 U.S.C. § 636(b)(1)(C), this Court conducted a *de novo* review of this case. Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on January 11, 2024 (Doc. 22) are **ADOPTED** in part.
2. This action is **DISMISSED** without leave to amend for Plaintiff's failure to state a claim upon which relief can be granted.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **February 9, 2024**

UNITED STATES DISTRICT JUDGE

3